## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. 7:21-CR-1523** |
| | § | |
| **EDUARDO JAVIER GOMEZ** | § | |

### AMENDED MOTION TO WITHDRAW GUILTY PLEA

The defendant, by counsel, **JOSE PEPE GARZA,** makes this here motion to withdraw his guilty plea pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure and would show the Court the following:

I.

On March 1, 2023, **EDUARDO JAVIER GOMEZ** pled guilty to the sole count of the Superseding Information (Docket No. 111); benefitting from forced labor.

On April 5, 2023, the probation department filed the initial PSI (Docket No. 116) indicating **EDUARDO JAVIER GOMEZ** committed a hostage taking enhancement and indicating a sentencing guideline range of 360 months to life of incarceration, however, with a maximum term of imprisonment of 240 months under the statute.

On April 19, 2023, the Government filed a statement of no objection to the PSI (Docket No. 119).

On May 3, 2023, the probation department filed the Final PSI indicating no substantial changes to the PSI (Docket No. 125). The basis of the probation department's hostage taking enhancement is primarily relied upon the HSI agents' reports.

II.

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure requires that the Defendant show a fair and just reason why the Court should grant the withdrawal of a guilty plea.

Under *Carr,* this Court should consider seven distinct factors to guide the determination of whether a withdrawal is "fair and just":

(1) whether or not the defendant has asserted his innocence;

(2) whether or not the government would suffer prejudice if the withdrawal motion were granted;

(3) whether or not the defendant has delayed in filing his withdrawal motion;

(4) whether or not the withdrawal would substantially inconvenience the court;

(5) whether or not close assistance of counsel was available;

(6) whether or not the original plea was knowing and voluntary; and

(7) whether or not the withdrawal would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343-344 (5th Cir. 1984). **EDUARDO JAVIER GOMEZ** accepted responsibility for benefitting from forced labor, however, **EDUARDO JAVIER GOMEZ** asserts actual innocence for having committed the hostage taking enhancement that the probation department and the Government is attempting to use against **EDUARDO JAVIER GOMEZ** for purposes of relevant conduct.

If this Court allowed the withdrawal of the guilty plea, the Government would not suffer any prejudice as there is nothing in this matter that is time sensitive and there are no witnesses that would become unavailable. Furthermore, the material witnesses in this case have already been deposed.

III.

After review of the seven *Carr* factors, the circumstances present in this case reflect a

withdrawal of the guilty plea would be "fair and just" and should be granted.


WHEREFORE, for the reasons set forth above, **EDUARDO JAVIER GOMEZ**

respectfully requests the Court to allow him to withdraw his guilty plea.


Respectfully submitted,

Jose Pepe Garza
Law Offices of Jose Pepe Garza
4900 W Expressway 83 Suite 111
McAllen, TX 78501
Direct: 956-437-8893
Email: jpgarza10@gmail.com

by:        /s/ *Garza, Jose Pepe*
Jose Pepe Garza
State Bar No. 24109913
Federal ID No. 3392371




**CERTIFICATE OF SERVICE**

I, Jose Pepe Garza, hereby certify that a true and correct copy of the above was served on

**United States Attorney's Office** via the automatic electronic filing notice system on January 3,

2024.


       /s/ *Garza, Jose Pepe*
Jose Pepe Garza

## **<u>CERTIFICATE OF CONFERENCE</u>**

On January 3, 2024, Jose Pepe Garza, conferred with Alexa Parcell, Assistant United States

Attorney, on the Amended Motion to Withdraw Guilty Plea on this case and is opposed.


 /s/ *Garza, Jose Pepe*
Jose Pepe Garza